## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

|  |  |
|---|---|
| ATRATECHJAPAN CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>CHI MEI OPTOELECTRONICS USA, INC.;<br>LG ELECTRONICS U.S.A., INC.;<br>MITSUBISHI DIGITAL ELECTRONICS<br>AMERICA, INC.; PHILIPS CONSUMER<br>ELECTRONICS; SAMSUNG<br>ELECTRONICS AMERICA, INC.; VIZIO,<br>INC.; and TOSHIBA AMERICA<br>CONSUMER PRODUCTS, L.L.C.,<br><br>                    Defendants. | Civil Action No. 5:08-cv-00137-TJW |

## PROTECTIVE ORDER

**WHEREAS** the parties, through their undersigned counsel, have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action;

**IT IS HEREBY ORDERED THAT**:

1. **SCOPE OF ORDER.** This Order shall govern the handling of documents, depositions, deposition exhibits, testimony, transcripts, interrogatory responses, responses to requests for admissions, pretrial testimony, affidavits, affidavit exhibits, pleadings, briefs, memoranda, expert reports, testimony adduced at trial, materials introduced into evidence and any other information produced, furnished or disclosed by any party or third party (the

"Producing Party") to any other party ("the Receiving Party") in Civil Action No. 5:08-cv-00137-TJW (this "Action") (such information shall hereinafter be referred to as "Litigation Material").

2.    **USE OF PRODUCED MATERIAL GENERALLY.**    All Designated Information shall be used solely for the purposes of preparation, trial and appeal of this Action, or any Party negotiations relating to this Action, and for no other purpose, absent further order of the Court or written consent of the Producing Party.  However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

3.    **DEFINITIONS**.

(a)    <u>For purposes of this Protective Order only,</u> "Party" or "Parties" shall mean any or all parties to this Action (*i.e.,* Plaintiff and/or one or more of the Defendants) and any parties' subsidiary, division, branch, affiliate, predecessor or successor-in-interest, parent or fully or partially owned entities of the foregoing.


(b)    "Producing Party" shall mean a Party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action in response to requests for production of documents, interrogatories, requests for admissions, depositions or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at any hearing or trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

(c)     "Receiving Party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

(d)     "Confidential Information" shall mean Litigation Material that reflects or contains non-public confidential research, development or other commercial information that the Producing Party would not normally reveal to third parties or would require third parties to maintain in confidence."

(e)     "Outside Counsel Eyes Only Information" shall mean Litigation Material that reflects or contains any nonpublic, highly confidential and sensitive information concerning (i) financial data, (ii) customer and supplier information; (iii) marketing strategies and information; (iv) strategic business information including, without limitation, business plans, manufacturing information, cost information or logistical information; (v) licensing information, including, without limitation, license agreements and information regarding negotiations of such license agreements; (vi) trade secrets; (vii) regulatory information; (viii) technical or scientific information including, without limitation, technical data,  research and development data, product manufacturing data, technical specifications, technical know-how; or (ix) any information that affords the Producing Party an actual or potential material economic advantage over others.

(f)     "Third Party Information" shall mean Litigation Material that is obtained and produced by a Party from a non-party in connection with this litigation.  In addition to designating Third Party Information in accordance with Paragraph 5, the Producing Party may also designate Third Party Information with any other level of confidentiality defined in this

Paragraph, which additional designation controls how Receiving Parties will treat Third Party Information.

(g) "Highly Confidential LCD Information" shall mean Litigation Material that reflects or contains nonpublic, highly confidential or sensitive information concerning: (i) technical features of a Producing Party's future LCD or Backlight products not yet commercially released or (ii) trade secret technical features of a Producing Party's LCD or Backlight products.  Highly Confidential LCD Information shall be disclosed only to Specially Qualified Persons (as defined in Paragraph 8) that agree to be bound by the provisions of Paragraph 19.

(h) "Designated Information" shall mean Confidential Information, Outside Counsel Eyes Only Information, Third Party Information, or Highly Confidential LCD information designated in accordance with Paragraph 5 of this Order.

4.    **NUMBERING**.    All documents and things produced or copies of documents and things produced in discovery in this Action shall be given unique production numbers by the Producing Party.  Each Producing Party shall use a unique production number prefix to identify the Producing Party, as follows:

| Prefix | Producing Party |
|--------|-----------------|
| AJC | AtratechJapan Corporation |
| CMO | Chi Mei Optoelectronics USA, Inc. |
| TACP | Toshiba America Consumer Products, LLC |
| V | Vizio, Inc. |

5.    **DESIGNATION   OF   DOCUMENTS   OR   OTHER   PRODUCED MATERIAL.**  Any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as Confidential Information, by placing on each page and each thing to which the designation applies a legend substantially as follows:

"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or as Outside Counsel Eyes Only Information by placing on each page and each thing to which the designation applies a legend substantially as follows:  "OUTSIDE COUNSEL EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," or as Third Party Information by placing on each page and each thing to which the designation applies a legend substantially as follows:  "THIRD PARTY INFORMATION SUBJECT TO PROTECTIVE ORDER,"  or as Highly Confidential LCD Information by placing on each page and each thing to which the designation applies a legend substantially as follows: "HIGHLY CONFIDENTIAL LCD INFORMATION SUBJECT TO PROTECTIVE ORDER."

A Producing Party designating Litigation Material with the foregoing designations must have a good faith belief that the Litigation Material meets the definition of such information as set forth in Paragraph 3(d)-(h) above.  In the event a Producing Party elects to produce documents containing or reflecting Designated Information for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected material shall be treated as Outside Counsel Eyes Only Information until designated otherwise at the time copies are delivered to the Receiving Party.

**6.    DISCLOSURE OF DESIGNATED INFORMATION.**    Confidential Information shall not be made available, nor the contents thereof disclosed, to persons other than Qualified Persons, as defined in Paragraph 7 herein and Outside Counsel Eyes Only Information shall not be made available, nor the contents thereof disclosed, to persons other than Specially Qualified Persons, as defined in Paragraph 8 herein, except that Designated Information may be made available, or the contents thereof disclosed, in accordance with the provisions of Paragraphs 11 and 12 herein.  All Designated Information shall be carefully maintained by the

Receiving Party in secure facilities and access to such Designated Information shall be permitted only to persons having access thereto under the terms of this Protective Order.

7.    **QUALIFIED PERSONS.**   Qualified Persons as used herein shall include only the following:

(a)    a Receiving Party's outside litigation counsel of record ("Outside Litigation Counsel"), and their regularly employed support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff);

(b)    a Party may designate up to three corporate personnel, including, but not limited to, inside counsel, or in the case of a foreign defendant, the individuals in the intellectual property or legal department that perform the equivalent role of inside counsel as a Qualified Person, subject to the following:

(i)    written notice, either electronically (email or fax) or by first class mail, must be given to all parties of such designation, and must provide a description of the corporate person's title and responsibilities.

(ii)    any Party may object to the designation of a corporate person as a Qualified Person within ten (10) business days from the date of facsimile or electronic mail service of the materials and information,  plus three (3) additional business days if service is made by mail.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on the Party or Parties proposing the designation of the corporate person.   Subject to subparagraph (iv) below, Designated Information of a Producing Party shall not be disclosed to the proposed Qualified Person during the foregoing period for objection.

(iii)    Failure to object within the period referenced in this Paragraph shall constitute approval.

(iv)    If a written notice of objection is served, no Designated Information of the Producing Party shall be disclosed to the proposed Qualified Person until the objection is resolved by agreement or by an order of the Court.

(c)    personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, a Receiving Party's Outside Litigation Counsel;

(d)    a Receiving Party's Qualified Consultants and Qualified Experts, as provided in Paragraph 10 herein, and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff);

(e)    graphics or design services retained by counsel described in Paragraph 7(a) above for purposes of preparing demonstrative or other exhibits for deposition, pretrial court proceedings or trial in this action, and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff); subject to and conditioned upon compliance with Paragraph 6 above;

(f)    the Court, its personnel, potential jurors, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

(g)    trial preparation consultants, retained by a Receiving Party's Outside Litigation Counsel, and their regularly employed support personnel and test subjects.

**8.    SPECIALLY QUALIFIED PERSONS.**  Specially Qualified Persons as used herein shall include only the following:

(a)     a Receiving Party's Outside Litigation Counsel, their associates, and their regularly employed support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff);

(b)     personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, a Receiving Party's Outside Litigation Counsel;

(c)     a Receiving Party's Qualified Consultants and Qualified Experts, as provided in Paragraph 10 herein, and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff);

(d)     graphics or design services retained by counsel described in Paragraph 8(a) above for purposes of preparing demonstrative or other exhibits for deposition, pretrial court proceedings or trial in this action, and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff); subject to and conditioned upon compliance with Paragraph 6 above;

(e)     the Court, its personnel, potential jurors, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

(f)     trial preparation consultants, retained by a Receiving Party's Outside Litigation Counsel, and their regularly employed support personnel and test subjects.

## 9.     AGREEMENT BY QUALIFIED AND SPECIALLY QUALIFIED PERSONS.

(a)     Except as provided in Subparagraph 9(b) and in Paragraphs 11 and 12 herein, Designated Information shall not be made available to any Qualified Person or Specially

Qualified Person, as defined in Paragraphs 7 and 8 herein, unless such Qualified Person or Specially Qualified Person has first read this Protective Order and has agreed in writing (i) to be bound by the terms hereof, (ii) to maintain the confidentiality of the information and not to use or disclose the information to anyone other than as provided herein, and (iii) to utilize such information solely for the purpose of this Action (as evidenced by signing an Agreement to Be Bound By Protective Order, in the form set forth in Exhibit A or B hereto, as appropriate). Outside Litigation Counsel shall not be subject to the written agreement provisions of this Paragraph.

(b)     Support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) and the individuals described in Paragraphs 7(a) and 8(a) above need not sign an Agreement to Be Bound By Protective Order.  In addition, the assent to this Protective Order by Outside Litigation Counsel for a Party binds such counsel, his or her law firm, and support personnel employed by such law firm and, thus, Outside Litigation Counsel need not sign the Agreement to Be Bound By Protective Order.

(c)     Document duplication, coding, imaging, or scanning service establishments described in Paragraphs 7(c) and 8(b) above need not sign an Agreement to Be Bound By Protective Order.

(d)     Graphics or design services described in Paragraphs 7(e) and 8(d) above need not sign an Agreement to Be Bound By Protective Order.

(e)     The Court and other individuals described in Paragraphs 7(f) and 8(e) above need not sign an Agreement to Be Bound By Protective Order.

(f)     Counsel for a Party obtaining an Agreement to Be Bound By Protective Order shall retain a copy of that Agreement during the course of this Action until this Action is terminated by judgment, dismissal or settlement.

(g)     In the event that any Qualified Person by settlement, dismissal, judgment or termination ceases to engage in, or otherwise ceases to be affiliated with a Party that is actively engaged in, the litigation of this Action, access by such person to Designated Information shall be terminated.   The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such Qualified Person.

**10.     APPROVAL   OF   PROPOSED   QUALIFIED   CONSULTANTS   AND QUALIFIED EXPERTS.**

(a)     An outside consultant or outside expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the Designated Information of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Be Bound By Protective Order For Specially Qualified Persons in the form attached hereto as Exhibit A; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including a list of any known present or former relationships or engagements between the proposed Qualified Consultant or Qualified Expert and any Party and a listing of any other cases in which the witness has testified as an expert at trial or by deposition since January 1, 2006) have been served on the Producing Party; and (iii) either the Producing Party has approved of the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 10(b) herein, or the Court has ruled on an application by

the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive Designated Information of the Producing Party pursuant to Paragraph 10(c) herein.

(b)     A Producing Party shall have ten (10) business days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraph 10(a) above, plus three (3) additional business days if service is made by mail, to object to a proposed Qualified Consultant or Qualified Expert.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on the Party or Parties proposing the Consultant or Expert.  Failure to object within the period referenced in this Paragraph shall constitute approval.  If a written notice of objection is served, no Designated Information of the Producing Party shall be disclosed to the proposed Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

(c)     In the event that the Producing Party serves a written notice of objection pursuant to Paragraph 10(b) above, the Party seeking approval of the proposed Qualified Consultant or Qualified Expert bears the burden of seeking an order of the Court.  The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence why the proposed Qualified Consultant or Qualified Expert should not be approved by the Court.

**11.     LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any Designated Information to any of the following:

(a)     any current employee of the Producing Party;

(b)     any former employee of the Producing Party if the Designated Information originated with, was sent to, or was otherwise in the possession of or known to the former employee of the Producing Party during the term of employment of the former employee, as

evidenced by the identification of the former employee as an author, recipient or copyee on the face of the Designated Information, the testimony or statements of knowledgeable individuals or by evidence that the Designated Information was kept in the files of the former employee;

(c)    any current employee of the Receiving Party if the Designated Information originated with or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the Designated Information or the testimony or statements of knowledgeable individuals; or

(d)    any former employee of the Receiving Party if the Designated Information originated with, or was sent to, the former employee of the Receiving Party during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient or copyee on the face of the Designated Information or the testimony or statements of knowledgeable individuals.

**12.    LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION**.  In addition to the disclosures authorized by Paragraphs 7, 8 and 11 above, Designated Information may be made available, or the contents thereof disclosed, to witnesses testifying at any court hearing, at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

(a)    in the case of a document, it appears that the witness has previously seen or received the Designated Information contained therein, either because the document identifies the witness as an author, recipient or copyee, or because the document comes from the files of the witness;

12

(b)      the lawyer disclosing such Designated Information has a reasonable, good-faith belief based upon the witness' testimony or the testimony of other witnesses that the witness has had previous access to the Designated Information;

(c)      the Producing Party agrees in writing that the witness may have access to the Designated Information for purposes of his or her testimony at trial and/or at deposition; or

(d)      the witness is employed by the Producing Party.

13.      **DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-party may designate information disclosed during a deposition as Designated Information by so indicating on the record at the deposition.  A Party or non-party may also designate in writing, within thirty (30) calendar days of the receipt of the official transcript (the "Designation Period"), that specific pages of the transcript be treated as Designated Information.  Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as Outside Counsel Eyes Only Information.  When information contained or incorporated in a deposition transcript is designated as Confidential Information, Outside Counsel Eyes Only Information, Third Party Information, or Highly Confidential LCD Information, arrangements shall be made with the court reporter by the party making the designation to label the relevant pages appropriately.

14.      **ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed, or upon which questions may be based, is Designated Information may exclude from the room any person who is not a Qualified Person or Specially Qualified Person, respectively, as appropriate under this Protective Order.  Depositions will not be adjourned if a party's outside counsel attending the deposition is not entitled to view Designated Materials used during the deposition.

**15.     FILING CONFIDENTIAL INFORMATION**.   All Litigation Material that contains or refers to Designated Information that is submitted to the Court shall be filed under seal pursuant to Local Rule CV5(a)(7) and shall be maintained under seal by the Clerk of the Court until further order of the Court.   To assist the Clerk, all Litigation Material containing or referring to Designated Information shall be filed with a cover page endorsed with the caption in this Action (or the title and docket number of this Action), an identification of the nature of the contents of such sealed envelope or container, and the words "SEALED - CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."  To the extent feasible, the portion of such Litigation Material containing or referring to Designated Information shall be bound and filed separately from the remainder of the Litigation Material filed with the Court.

**16.     ACCESS TO COURT FILINGS AND EXPERT REPORTS**.   Outside Litigation Counsel for each Party shall have access to all Litigation Material filed with the Court and all expert reports submitted by any Party, to the extent they are permitted under this Protective Order.   To the extent an expert report or Filing contains Designated Information, the Producing Party may provide an appropriately redacted copy of the Filing or expert report to any Receiving Party not entitled to receive such Designated Information.

**17.     PROCEDURE FOR POST-PRODUCTION DESIGNATION**.   At any time prior to the final pretrial conference in this Action, a Party may seek protection for Litigation Material that was previously produced without being designated as Designated Information by providing written notice to the recipients of such Litigation Material that it should be Designated Information provided that no such recipient shall be bound by the terms of this Protective Order, or subject to liability for failure to comply with such terms, until receipt of such written notice. At any time prior to the final pre-trial conference, a Party may redesignate Litigation Material.  If

Litigation Material was properly shown previously and otherwise to a person who would not be entitled to see it as newly designated, that person shall be advised that the Litigation Material has been designated as Designated Information, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

18.     **PROCEDURE FOR OBJECTION TO DESIGNATION**.

(a)     Any Party may object in good faith to the designation of any Litigation Material as Designated Information by providing counsel for the designating party with written notice of the reasons for its objection.  The designating party shall, within ten (10) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation.  Within five (5) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter.  Failing such resolution, the designating party shall then have ten (10) calendar days from the final conference (the "Motion Period") to apply to the Court, on duly noticed motion, for a protective order.

(b)     Notwithstanding any objection to the designation of Litigation Material as Designated Information, such Designated Information shall be treated as marked and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material removes such designation in writing; (ii) the designating party fails to apply to the Court for a protective order before expiration of the Motion Period, or (iii) the Court orders the designating party to remove such designation.

(c)     The designation of Litigation Material may be challenged, among other reasons, because:  (i) the information is or comes to be disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, (iii) the information is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations hereunder,

or (iv) the information is designated Outside Counsel Eyes Only and should properly be designated as Confidential under Paragraph 3(d) of this Protective Order.  Any disclosure of Designated Information in violation of this Protective Order shall not serve as a basis for challenging the designation of the information in question.

(d)     In any motion addressing whether an item is properly designated, the designating party has the burden of establishing that the item was properly designated.

(e)     The failure of the Receiving Party to challenge the designation of any item as Designated Information under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

## 19.   PROSECUTION BAR.

(a)     Any person subject to this Protective Order who obtains, receives, or otherwise learns, in whole or in part, technical information designated as Highly Confidential LCD Information under this Protective Order shall not prepare, prosecute, or be directly involved in the preparation or review of any patent application in any way related to the backlights for LCD displays for two years from the disclosure of the technical information.

(b)     Any person subject to this Protective Order may elect, at that person's discretion, to receive materials marked as Highly Confidential LCD Information, by written notice to all other parties.  To the extent any person elects to receive Highly Confidential LCD Information, that person shall be subject to the corresponding provision of this prosecution bar. Only persons electing to receive Highly Confidential LCD Information shall be permitted to receive such information.

(c)     In the event documents produced for inspection pursuant to Paragraph 5 of this Protective Order include documents containing or reflecting information that, only after such inspection, is designated by the Producing Party as Highly Confidential LCD Information, the person(s) conducting such inspection will not be subject to the prosecution bar of this Paragraph as a result of that inspection alone.

**20.     SPECIAL HANDLING OF SOURCE CODE**.   Outside Counsel Eyes Only Information, Highly Confidential LCD, and Third Party Information that is in the form of Computer Source Code shall be produced in at least electronic form (unless no electronic version is available to the Producing Party).   Computer Source Code may be accessed only by Authorized Persons (see paragraph 21).

(a)     Computer Source Code in electronic form shall be produced by the following method: Computer Source Code may be produced for inspection through a third party escrow company to be mutually agreed upon by the Parties.

(b)     The cost of maintaining the Computer Source Code in escrow at the secure site shall be divided in the following manner:

(i)     the annual charge for maintaining the Source Code by the third party escrow company in their vaults will be paid by the defendants that elect to  use a third party escrow company;

(ii)     the defendants that elect to use a third party escrow company will pay the cost of thirty (30) days of access to the third party escrow company Vaults.  The cost for any additional days will be paid for by Plaintiff;

(iii)     The Plaintiff and the defendants that elect to use a third party escrow company will split equally the contract service fee;

(iv)     Plaintiff will pay all fees for any after-hours access to the third party escrow company;

(v)     the defendants that elect to use a third party escrow company will provide: (1) a suitable printer (e.g., HP 1022 or printer capable of printing at least 20 pages per minute); and (2) either a suitable copier, or agree to allow Plaintiff to use a third party copy service to copy print outs that it makes;

(vi)     the parties will negotiate in good faith to apportion any unanticipated costs.

(c)     Before disclosure to any escrow company, the Producing Party shall secure the escrow company's agreement to be bound by this protective order and subject to this Court's jurisdiction.  Computer Source Code can only be viewed, analyzed, or otherwise used on a computer with all ports, software, and other avenues that could be used to copy or transfer such data blocked ("Stand-Alone Computer").  A suitable Stand-Alone computer will be provided by each Producing Party.  The Stand-Alone Computer shall always be maintained and secured at the facility of the third party escrow company under the control of the third party escrow company.  For Computer Source Code produced pursuant to Paragraph 20(a), only Authorized Persons shall have access to the Stand-Alone Computer provided, however, that the following additional restrictions shall apply to such access:

(i)     The Receiving Party seeking access for that individual must provide at least one (1) business day notice in writing to the third party escrow company, identifying the dates and individuals for whom access is sought.

(ii)     A log shall be kept by the third party escrow company, including the identity of each person granted access to the Stand-Alone Computer, the time during which

the person has access and whether hard copies are made.  Upon the Producing Party's request and the Court finding good cause, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, the third party escrow company shall provide within three (3) business days a copy of its log, and counsel for the Receiving Party shall provide within (3) business days copies of the executed undertakings for each person identified on the log who was required to execute an undertaking under this Order.

(d)      No Receiving Party may copy Computer Source Code onto any form of electronic media, including without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except to the extent loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes.

(e)      Outside Counsel Eyes Only Information, Highly Confidential LCD Information,   and Third Party Information in the form of Computer Source Code (including excerpts) may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

(f)      Because Computer Source Code received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws, the Receiving Party shall comply with such laws and agrees not to knowingly export, re-export, or transfer Computer Source Code of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.

(g)      It is contemplated that the Receiving Party may load software analysis tools onto computers containing Computer Source Code.  The Receiving Party shall provide notice of any such software to the Producing Party and the Producing Party shall have

19

ten (10) business days to object for good cause and move the Court for a protective order. Failure to object and move for a protective order within ten (10) days shall be deemed consent.

(h)     No printouts from any Stand-Alone Computer may be made of Computer Source Code except as follows:

(i)     A printer may be attached to the Stand-Alone Computer, and an Authorized Person may print selected portions of Computer Source Code designated Outside Counsel Eyes Only Information or Third Party Information that the Authorized Person in good faith considers to be relevant to the issues in this case.

(ii)     Each printout made under subparagraph (h)(i) shall be immediately and conspicuously marked with the same designation indicated by the producing party for its Source Code. Such marking shall be in conformity with Paragraph 5 above and shall bear a unique page identifier.  The Producing party shall provide premarked paper.

(iii)     If the Authorized Person is not counsel for the Receiving Party, the Authorized Person shall provide one (1) copy or the original of each printout made under subparagraph (g)(i), as appropriately marked pursuant to subparagraph (g)(ii), to counsel for the Receiving Party.

(iv)     If the printout made under subparagraph (g)(i) is made at a third party escrow company, then the escrow company shall ensure that the printout bears the markings required under subparagraph (g)(ii) and shall provide one (1) copy or the original of the appropriately marked printout to the Authorized Person and, if the Authorized Person is not counsel for the Receiving Party, one (1) copy or the original to counsel for the Receiving Party.

(v)     The third party escrow company will log and maintain a copy of each print out made at the third escrow company.   Said copy shall be provided to the Producing Party only on order of the Court.

(vi)     For any depositions taking place overseas, the producing party will provide suitable facilities the day of and the day before the deposition to view source code produced pursuant to this Section.

(i)     it is contemplated that the Receiving Party may access the Internet from computers *not* containing the Computer Source Code while present at the escrow agent facilities.

## 21.     APPROVAL OF PROPOSED AUTHORIZED PERSONS FOR ACCESS TO COMPUTER SOURCE CODE.

(a)     An Authorized Person must be a Specially Qualified Person as described in one of the categories set forth in Paragraph 8, above.  In addition, at least ten (10) business days prior to the date on which access is sought for the first time to Computer Source Code, counsel of record for the Receiving Party shall identify to the Producing Party the Specially Qualified Person (including attorneys) seeking access to such material.

(b)     A Producing Party shall have ten (10) calendar days from the date of facsimile or electronic mail service of the notice, plus three (3) additional calendar days if service is made by mail, to object to a proposed Authorized Person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the period referenced in this Paragraph shall constitute approval.  If a written notice of objection is served, no access to Computer Source Code by the proposed Authorized Person shall be permitted until the objection is resolved by agreement or by an order of the Court.

(c)     In the event that the Producing Party serves a written notice of objection, the Party seeking to permit access to Computer Source Code for the proposed Authorized Person bears the burden of seeking an order of the Court.  The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence why the proposed Authorized Person should not be permitted to access Computer Source Code.

**22.     NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

**23.     AVAILABILITY TO NON-PARTIES**.  Any non-party, whether an individual or entity, from whom discovery is sought may obtain the protection of this Protective Order by signing a copy of Exhibit A to the Protective Order and thereby manifesting its express consent to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

**24.     NO WAIVER.**

(a)     Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

(b)     Entering into, agreeing to and complying with the terms of this Protective Order shall not:  (i) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this Action.

25.     **PARTIES' OWN INFORMATION**.   Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things or information.  Nor shall anything in this Protective Order prevent any Producing Party from disclosing its Designated Information to any person.  Such disclosures shall not affect any designation of such documents pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

26.     **DISCLOSURES BEYOND PROTECTIVE ORDER**.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order:  (i) if the designating party or parties consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom Designated Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the designating party and permits counsel for that party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena or entry of an appropriate protective order in the action in which the subpoena was issued.

27.     **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**.   The inadvertent production of Litigation Material that a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege or joint defense privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges.  For the purposes of the attorney-client privilege under this Protective Order, an attorney shall include any attorney licensed to practice law in the United States or any other country.  A Party or non-party may request the return of any

Inadvertently Produced Privileged Material.   A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently produced and the basis for withholding such material from production.   If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party, such party shall within five (5) business days return to the Producing Party the Inadvertently Produced Privileged Material and all copies thereof (except as necessary to file a motion to compel production of same).   The party or parties returning such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production.   The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that:   (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the inadvertent production of the Litigation Material.   In all instances, the burden of establishing a privilege remains on the Producing Party.

28.     **INADVERTENT DISCLOSURE OF DESIGNATED INFORMATION**.

(a)     If any Litigation Material that a Party or non-party intends to designate as Designated Information is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

(b)     If any Litigation Material designated as Confidential Information hereunder is disclosed, through inadvertence or otherwise, to a person or party other than a Qualified Person or if any Litigation Material designated as Outside Counsel Eyes Only

Information Third Party Information, Or Highly Confidential LCD Information hereunder is disclosed, through inadvertence or otherwise, to a person or party other than a Specially Qualified Person, then the party inadvertently disclosing the information shall use its best efforts to obtain all disclosed copies of such information and bind such person or party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing party; (b) such person shall be identified immediately to the party that designated the Litigation Material; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Be Bound By Protective Order For Specially Qualified Persons in the form of Exhibit A hereto, which signed Agreement shall be served on the party that designated the Litigation Material.

## 29.    RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION UPON CONCLUSION OF THIS ACTION.

(a)    "Conclusion of this Action" shall mean that all appeals have been finally adjudicated, or that no appeal has been filed from a final judgment and the time for filing any appeal has expired or that all disputes have been resolved and settled by agreement.

(b)    At the Conclusion of this Action, each party subject to the terms of this Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Designated Information within sixty (60) days of the Conclusion of this Action, including notes made therefrom or summaries thereof.  In lieu of returning Designated Information, a party may destroy all such material within sixty (60) days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such material and that all such material has been destroyed to the best of its knowledge.

(c)     Notwithstanding Paragraph 29(b), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not Designated Information of another Party or non-party is included:  (i) its correspondence file of this case; (ii) its pleadings file, including-all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party, (iii) any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts and accompanying exhibits.

**30.     SURVIVAL OF OBLIGATIONS.**

(a)     All the provisions of this Protective Order shall survive the Conclusion of this Action, and shall continue to be binding after the Conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

(b)     For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to Designated Information under the terms of this Protective Order.

**31.     VIOLATIONS SANCTIONABLE.**  All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court on motion and after a hearing deems just.

**32.     SPECIFIC AGREEMENTS REGARDING DOCUMENT PRODUCTION, PRIVILEGE LOGS, ELECTRONICALLY STORED INFORMATION AND EXPERT DISCOVERY.**  The Parties make the following specific agreements as to the form, scope and content of discovery in this Action:

(a)     the Parties agree that the production of documents shall be made in the following manner:   (1)   documents shall be produced in non-searchable .tiff format with accompanying load files which indicate the beginning and ending Bates number(s) of the document, and (2) backup tape information need not be provided;

(b)     notwithstanding anything in this Protective Order to the contrary, the Parties contemplate that certain database files may be requested to be produced in native format, subject to objection by the Producing Party;

(c)     the Parties agree that the listing of materials in privilege logs may terminate as of the earliest date a Complaint was filed in this Action;

(d)     the Parties agree that draft expert reports and opinions, including draft expert declarations and affidavits, as well as all communications with experts (unless such communications are relied upon in connection with the expert's final report or opinion and contain information not contained in other materials identified and relied upon in connection with the expert's final report or opinion), will not be subject to discovery;;

**33.     RELIEF FROM PROTECTIVE ORDER**.  Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished or disclosed in the course of discovery in this Action.  The parties may amend or modify any provision of this Order by mutual agreement, which shall be embodied in a written stipulation to be approved by the Court.

SIGNED this 28th day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

27

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| ATRATECHJAPAN CORPORATION, )<br><br>      Plaintiff, )<br><br>  vs. )<br><br>CHI MEI OPTOELECTRONICS USA, INC., )<br>LG ELECTRONICS U.S.A., INC.;  LG )<br>DISPLAY AMERICA, INC.; MITSUBISHI )<br>DIGITAL ELECTRONICS AMERICA, )<br>INC.;  PHILIPS CONSUMER )<br>ELECTRONICS; SAMSUNG )<br>ELECTRONICS AMERICA, INC.; VIZIO, )<br>INC.; and TOSHIBA AMERICA )<br>CONSUMER PRODUCTS L.L.C., )<br><br>      Defendants. )<br> ) | **Case No. 5:08-cv-00137-TJW**<br><br>**JURY TRIAL DEMANDED** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER FOR SPECIALLY**
**QUALIFIED PERSONS**

I, _____, declare:

1.  My current business address (or home address if no business address exists) is

_____.

2.  I have received a copy of the Protective Order (the "Order") in this action.  I have carefully read and understand the provisions of the Order.  I agree to comply with all of the provisions of the Order.

3.  I will hold in confidence and not disclose any Confidential Information or Outside Counsel Eyes Only Information or Highly Confidential LCD Information or Third Party

Information to anyone not qualified under the Order to receive such Designated Information.  I will use Designated Information only for the purposes of this litigation.  In the event I am not certain whether disclosure in a particular instance is permissible under the Order, I shall request guidance from the counsel for the party providing me with the Designated Information and shall disclose such Designated Information only if advised by counsel that such disclosure is permissible.

       4.      I will return all Designated Information to counsel for the party providing me with the Designated Information in accordance with the provisions of the Order.

       5.      I consent to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

       I declare under penalty of perjury of the laws of the State of _____ that the foregoing is true and correct.

       Executed on _____, 200___ at _____.


                                           _____


Copies To:  Counsel Of Record

<u>**EXHIBIT B**</u>

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| ATRATECHJAPAN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHI MEI OPTOELECTRONICS USA, INC., | ) |
| LG ELECTRONICS U.S.A., INC.;  LG | ) |
| DISPLAY AMERICA, INC.; MITSUBISHI | ) |
| DIGITAL ELECTRONICS AMERICA, | ) |
| INC.;  PHILIPS CONSUMER | ) |
| ELECTRONICS; SAMSUNG | ) |
| ELECTRONICS AMERICA, INC.; VIZIO, | ) |
| INC.; and TOSHIBA AMERICA | ) |
| CONSUMER PRODUCTS L.L.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Case No. 5:08-cv-00137-TJW**

**JURY TRIAL DEMANDED**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER FOR QUALIFIED
PERSONS**

I, _____, declare:

1.       My current business address (or home address if no business address exists) is

_____.

2.       I have received a copy of the Protective Order (the "Order") in this action.  I have

carefully read and understand the provisions of the Order.  I agree to comply with all of the

provisions of the Order.

3.       I will hold in confidence and not disclose any Confidential Information to anyone

not qualified under the Order to receive such Confidential Information.  I will use Confidential

Information only for the purposes of this litigation.  In the event I am not certain whether disclosure in a particular instance is permissible under the Order, I shall request guidance from the counsel for the party providing me with the Confidential Information and shall disclose such Confidential Information only if advised by counsel that such disclosure is permissible.

4.      I will return all Confidential Information to counsel for the party providing me with the Confidential Information in accordance with the provisions of the Order.

5.      I consent to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

I declare under penalty of perjury of the laws of the State of _____ that the foregoing is true and correct.

Executed on _____, 200___ at _____.


_____


Copies to:  Counsel of Record